**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC<br>*Plaintiff,*<br><br>*v.*<br><br>JOHN DOE (subscriber assigned IP address 75.228.198.181)<br>*Defendant.* | :<br>:<br>:<br>:<br>:<br>:<br>: | <br>Case No. 3:26-cv-1612 (OAW) |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

Plaintiff Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") is an adult film company which has filed thousands of copyright infringement lawsuits in district courts nationwide. Strike 3 claims that its adult motion pictures are among the most infringed content in the world. To address online piracy, it created "proprietary forensic software" known as VXN Scan ("VXN") to monitor and detect the IP addresses of those infringing its movies on the Internet. Once Strike 3 identifies an IP address, it files an action such as this one against a John Doe defendant. Thereafter, the company seeks court permission to subpoena the Internet Service Provider ("ISP") associated with the alleged infringer's IP address, in order to identify the defendant. As a matter of course, courts typically grant Strike 3's motions to serve the ISP. *See Strike 3 Holdings, LLC v. Doe*, No. 3:19-CV-1152 (MPS), 2019 WL 3859514, at *1 (D. Conn. Aug. 16, 2019) (citing cases). However, the company's lawsuits almost never proceed to the merits. After serving the ISP, Strike 3 eventually files a notice dismissing the action against the Defendant John Doe.[1]

[1] As an example, as of 2022, Strike 3 had initiated and voluntarily dismissed at least 173 actions in this district: 3:17-cv-02040-AWT; 3:17-cv-02041-AWT; 3:17-cv-02047-AWT; 3:17-cv-02046-MPS; 3:17-cv-02045-AWT; 3:17-cv-02049-AWT; 3:17-cv-02039-MPS; 3:18-cv-00671-VLB; 3:18-cv-00681-CSH; 3:18-cv-

For the reasons presented in its motion and supporting papers, and as discussed below, the court hereby **GRANTS** Strike 3's motion to subpoena the ISP, as limited by the conditions noted herein.

## I. BACKGROUND

Strike 3 Holdings is the owner of various adult films distributed through DVDs and adult websites. Strike 3 alleges that Defendant John Doe (identified by IP address 75.228.198.181), is committing copyright infringement by downloading Strike 3's films and distributing them to others. Strike 3 alleges that Defendant has used BitTorrent, an online

---

00679-JCH; 3:18-cv-01001-VAB; 3:18-cv-00509-JAM; 3:18-cv-00680-SRU; 3:18-cv-00996-AWT; 3:18-cv-00677-JAM; 3:18-cv-00673-JBA; 3:18-cv-00669-VAB; 3:18-cv-00513-JAM; 3:18-cv-00512-JBA; 3:18-cv-01000-AVC; 3:18-cv-00997-AVC; 3:18-cv-00514-VLB; 3:18-cv-00675-AWT; 3:18-cv-00674-AWT; 3:18-cv-00670-JBA; 3:18-cv-00998-JBA; 3:18-cv-00672-SRU; 3:18-cv-00989-JAM; 3:18-cv-01341-VLB; 3:18-cv-01554-AWT; 3:18-cv-01336-JCH; 3:18-cv-00510-VAB; 3:18-cv-01002-JBA; 3:18-cv-00993-AWT; 3:18-cv-01559-JCH; 3:18-cv-01558-JCH; 3:18-cv-00999-VAB; 3:18-cv-01342-AVC; 3:18-cv-00995-SRU; 3:18-cv-01562-AWT; 3:18-cv-00991-JAM; 3:18-cv-00511-VAB; 3:18-cv-01330-MPS; 3:18-cv-00990-MPS; 3:18-cv-00994-JBA; 3:18-cv-01328-AWT; 3:18-cv-00992-VAB; 3:18-cv-01337-VLB; 3:18-cv-01338-MPS; 3:18-cv-01560-JAM; 3:18-cv-01340-MPS; 3:18-cv-01936-AWT; 3:18-cv-01339-KAD; 3:18-cv-02122-SRU; 3:18-cv-01329-KAD; 3:18-cv-01331-SRU; 3:18-cv-01332-CSH; 3:18-cv-01335-VAB; 3:18-cv-01555-MPS; 3:18-cv-02124-JAM; 3:18-cv-02121-JBA; 3:18-cv-02125-KAD; 3:18-cv-02112-AVC; 3:18-cv-01334-VLB; 3:18-cv-01934-JCH; 3:18-cv-01940-VLB; 3:18-cv-01944-AVC; 3:18-cv-02119-KAD; 3:18-cv-01943-SRU; 3:18-cv-01557-SRU; 3:18-cv-01942-JBA; 3:18-cv-02113-JBA; 3:18-cv-02117-JBA; 3:18-cv-02123-JAM; 3:18-cv-02126-VLB; 3:18-cv-02118-JCH; 3:19-cv-00117-SRU; 3:19-cv-00116-VLB; 3:18-cv-01933-KAD; 3:18-cv-02114-JCH; 3:18-cv-01941-MPS; 3:18-cv-01561-VLB; 3:18-cv-01938-JBA; 3:18-cv-02120-CSH; 3:18-cv-02115-JAM; 3:18-cv-02111-RNC; 3:18-cv-01935-VLB; 3:19-cv-00380-JCH; 3:19-cv-00386-JCH; 3:19-cv-00379-JAM; 3:19-cv-00387-KAD; 3:18-cv-02116-RNC; 3:19-cv-00779-AVC; 3:19-cv-00114-VLB; 3:19-cv-00761-JBA; 3:19-cv-00384-RNC; 3:19-cv-00763-VLB; 3:19-cv-00383-RNC; 3:19-cv-00385-VLB; 3:18-cv-01333-VAB; 3:19-cv-00764-JCH; 3:19-cv-00765-RNC; 3:19-cv-00766-RNC; 3:19-cv-00381-SRU; 3:18-cv-01937-VLB; 3:19-cv-00780-AVC; 3:18-cv-01939-VAB; 3:19-cv-01009-AWT; 3:19-cv-00382-VAB; 3:19-cv-00778-KAD; 3:19-cv-01011-RNC; 3:19-cv-01012-SRU; 3:19-cv-01153-JAM; 3:19-cv-01008-DJS; 3:19-cv-00762-JAM; 3:19-cv-01010-VLB; 3:19-cv-01151-JAM; 3:19-cv-01152-MPS; 3:20-cv-00100-JBA; 3:19-cv-00777-SRU; 3:20-cv-00960-CSH; 3:20-cv-00961-MPS; 3:20-cv-01157-JAM; 3:20-cv-01866-AWT; 3:21-cv-00866-AWT; 3:21-cv-00939-AWT; 3:21-cv-00634-CSH; 3:21-cv-00865-JAM; 3:21-cv-00867-SRU; 3:21-cv-00937-VAB; 3:21-cv-00940-VAB; 3:21-cv-00106-VLB; 3:21-cv-00938-CSH; 3:21-cv-01370-VAB; 3:21-cv-01369-VAB; 3:21-cv-01368-JCH; 3:21-cv-00633-SALM; 3:21-cv-01520-JAM; 3:21-cv-01555-VAB; 3:21-cv-01556-JCH; 3:21-cv-01687-JBA; 3:21-cv-00993-MPS; 3:21-cv-01604-JBA; 3:22-cv-00160-VAB; 3:22-cv-00307-VAB; 3:22-cv-00158-VAB; 3:22-cv-00159-JAM; 3:22-cv-00306-VAB; 3:21-cv-01684-SVN; 3:21-cv-01686-SVN; 3:22-cv-00304-JAM; 3:21-cv-01683-KAD; 3:22-cv-00309-RNC; 3:22-cv-00520-VAB; 3:22-cv-00161-OAW; 3:22-cv-00162-MPS; 3:21-cv-01554-SRU; 3:22-cv-00303-KAD; 3:22-cv-00300-JBA; 3:22-cv-00308-JCH; 3:22-cv-00521-OAW; 3:22-cv-00669-SVN; 3:22-cv-00519-VAB; 3:22-cv-00305-VLB; 3:22-cv-00301-VLB; 3:22-cv-00302-KAD; 3:22-cv-01001-AWT; 3:22-cv-01417-JBA; 3:22-cv-01279-SRU; 3:21-cv-01685-MPS; 3:17-cv-01678-JCH; 3:17-cv-01667-AVC; 3:17-cv-02044-MPS.

file distribution network, to copy and distribute digital media files identical to one of its copyrighted works. Strike 3 alleges that its VXN software, combined with geolocation technology, allowed it to identify Defendant's IP address and to trace it to a physical address located within Connecticut.

Accordingly, Strike 3 brings a one-count complaint of copyright infringement against the John Doe Defendant. Strike 3 cannot, however, serve Defendant with the complaint because it cannot identify Defendant beyond the IP address obtained from its software. The company alleges that Defendant's ISP, Verizon 5G Home, can identify Defendant with the IP address. After filing its complaint, Strike 3 filed a motion to serve a third-party subpoena prior to a Rule 26(f) conference. Specifically, Strike 3 requests leave to subpoena Verizon, so that it may disclose the name and address of the individual associated with the IP address noted in the complaint. Granting the motion would allow Strike 3 to learn Defendant's identity, investigate the alleged infringement further, and effectuate service.

## II. <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure prohibit parties from initiating any discovery prior to the discovery conference contemplated under Rule 26(f). *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."). Moreover, federal law prohibits ISPs from disclosing a subscriber's personally identifying information to a private party absent the subscriber's consent or a court order. *See* Cable Communications Privacy Act of 1984, 47 U.S.C. § 551(c).

A court may authorize early discovery from an ISP where a party has demonstrated "good cause" as to their need for the expedited discovery. *Arista Records LLC v. Does 1-4*, 589 F. Supp. 2d 151, 152–53 (D. Conn. 2008) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002) (noting "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party")).

To determine whether good cause exists to grant or quash a subpoena to preserve the objecting party's anonymity, the United States Court of Appeals for the Second Circuit examines the following five factors:

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, ... (2) [the] specificity of the discovery request, ... (3) the absence of alternative means to obtain the subpoenaed information, ... (4) [the] need for the subpoenaed information to advance the claim, ... and (5) the [objecting] party's expectation of privacy.

*Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (alterations in original) (quoting *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)). "If '[a]pplication of these principal factors confirms that the Plaintiff is entitled' to the requested subpoena, the motion for early discovery will be granted for 'good cause.'" *Strike 3 Holdings, LLC v. Doe*, No. 3: 17-CV-1680 (CSH), 2017 WL 5001474, at *2 (D. Conn. Nov. 1, 2017) (alteration in original) (quoting *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86*, No. 1:16-CV-02462-AJN, 2016 WL 2894919, at *2 (S.D.N.Y. May 16, 2016)). Moreover, while the First Amendment provides protection for anonymous speech, the Second Circuit has recognized that principles of free speech do not protect anonymity which is used to mask copyright infringement or to facilitate such infringement by other persons. *Arista Recs.*, 604 F.3d at 118. Given the

federal protection governing personally identifiable information stored by an ISP, "a court that grants a motion to serve a third-party subpoena on a qualifying service provider prior to a Rule 26(f) conference generally must also order the service provider to issue a notice to the subscriber informing the subscriber of the court's order and providing the subscriber an opportunity to contest the subpoena." *Strike 3 Holdings, LLC v. Doe*, No. 3:22-CV-00669 (SVN), 2022 WL 2442821, at *2 (D. Conn. June 16, 2022) (citing cases).

## III. <u>DISCUSSION</u>

The court addresses the principal *Sony Music/Arista* factors, seriatim:

The first factor requires Strike 3 to state a prima facie claim for copyright infringement. *Strike 3 Holdings*, 2017 WL 5001474, at *2. Specifically, Strike 3 must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also Malibu Media, LLC v. John Does 1-11*, No. 12 Civ. 3810, 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013) ("Plaintiff has made a concrete, prima facie case of copyright infringement by alleging ownership of the registered copyright and alleging unlawful downloading, copying, and distribution of this work by specifying the type of technology used, the IP address from which the file was accessed and shared, and the date and time of the infringement.").

Strike 3 plausibly has alleged that wrongful "copying" of its work has occurred. According to the complaint, Defendant used BitTorrent to illegally download and distribute Strike 3's adult films. Strike 3 alleges it was able to use VXN and BitTorrent to download from Defendant certain digital media files that it then and identified as at least substantially

similar, if not identical, to an original work on which it holds a registration through the United States Copyright Office. Moreover, Strike 3 has retained a computer forensics expert who confirmed that the IP address captured by Strike 3 was, in fact, the IP address associated with the infringing BitTorrent transactions noted in the complaint. Accordingly, Strike 3 has stated a *prima facie* case for copyright infringement.

The second factor requires a plaintiff to "narrowly tailor and specify the information sought by the discovery request." *Strike 3 Holdings*, 2017 WL 5001474, at *3. Requiring specificity ensures "a reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon particular defendants who could be sued in federal court." *Sony Music Ent. Inc.*, 326 F. Supp. 2d at 566. This factor likewise weighs in favor of granting Strike 3's motion to subpoena the ISP. Strike 3 seeks only the legal name and address of the subscriber associated with the IP address set forth in the complaint. Thus, the court finds that the requested subpoena is narrowly tailored and sufficiently specific.

The third factor requires the movant to demonstrate that no alternative means exist to obtain the information. *Arista Records*, 604 F.3d at 119. Strike 3 contends that "[t]here is simply no alternative means by which [it] can identify [the defendant] absent the present subpoena." As highlighted by other courts, ""BitTorrent's appeal to potential infringers is the large degree of anonymity it provides users." *Malibu Media*, 2016 WL 2894919, at *3 (citation omitted). Given the nature in which files anonymously are shared through BitTorrent, the ISP appears to be the only entity that can readily associate an IP address with an individual. *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. at 241–42 ("Indeed, in all of the opinions and rulings in similar cases around the country, the Court has found no

indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers."). Accordingly, the court finds that the third factor also weighs in favor of granting Strike 3's motion.

The fourth factor considers a plaintiff's "need for the subpoenaed information to advance the claim." *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d at 565. This factor undoubtedly weighs in Strike 3's favor, as it cannot properly serve the John Doe Defendant without first ascertaining the subscriber's identity from the ISP. The requested information therefore is critical to Strike 3's claim. *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. at 241–42 ("[W]ithout granting Plaintiff's request, the defendants cannot be identified or served and the litigation cannot proceed.").

The fifth and final factor considers the defendant's expectation of privacy. "The Supreme Court has long held that a 'person has no legitimate expectation of privacy in information he voluntarily turns over to third parties[.]'" *United States v. Ulbricht*, 858 F.3d 71, 96 (2d Cir. 2017) (quoting *Smith v. Maryland*, 442 U.S. 735 (1979)). Subsequently, courts have found that there is no expectation of privacy in subscriber information (such as an IP address) that is "voluntarily conveyed" to a third-party ISP. *Strike 3 Holdings*, 2017 WL 5001474, at *5. The United States Court of Appeals for the Second Circuit similarly has found that a defendant's expectation of privacy for sharing copyrighted material on an online file-sharing network is insufficient to permit him to avoid having to defend against a claim of copyright infringement. *Arista Records*, 604 F.3d at 124.

The court is mindful that Strike 3's copyright enforcement methods carry a risk of misidentification. Courts have expressed concern that geolocation technology simply is "too imprecise to identify the particular individual who downloaded or distributed the

content in question." *Strike 3*, No. 3:21-CV-633 (MPS), 2021 WL 2688798, at *2 (D. Conn. June 30, 2021). As noted by one case in the District of Columbia (*Hon. Lamberth, J.*), "[Strike 3's] method is famously flawed: virtual private networks and onion routing spoof IP addresses (for good and ill); routers and other devices are unsecured; malware cracks passwords and opens backdoors; multiple people (family, roommates, guests, neighbors, etc.) share the same IP address; a geolocation service might randomly assign addresses to some general location if it cannot more specifically identify another." *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160, 162 (D.D.C. 2018), *rev'd and remanded,* 964 F.3d 1203 (D.C. Cir. 2020). Thus, there is no guarantee that the subscriber of the IP address is, in fact, the John Doe defendant who distributed Strike 3's adult films across the BitTorrent network. Moreover, "given the nature of the films at issue, defendants may feel coerced to settle these suits merely to prevent public disclosure of their identifying information, even if they believe they have been misidentified." *Strike 3*, 2021 WL 2688798, at *2; *see also Strike 3 Holdings*, LLC v. Doe, No. 1:18-cv-2205-RC-GMH, 2018 WL 5297816, at *2 (D.D.C. Oct. 25, 2018) ("[T]here is a real risk . . . that an innocent defendant may be coerced into an unjust settlement with the plaintiff to prevent the dissemination of publicity surrounding unfounded allegations.") (internal quotation marks and alterations omitted)). Because of the sensitive nature of the copyrighted material at issue, and the risk of misidentification, the court finds that there is a heightened expectation of privacy. However, given the alleged acts of infringement over a prolonged period, it certainly is plausible that the subscriber of the IP address is responsible for the infringing acts through the BitTorrent network. *See Strike 3 Holdings*, 964 F.3d at 1211 ("Based on [the]

allegations, a court could reasonably infer that someone with prolonged, continuous access to this IP address was responsible for the alleged infringement.”).

## IV. <u>CONCLUSION</u>

In balancing the privacy rights of the John Doe Defendant with Strike 3’s interest in protecting its copyrighted material, the court hereby **<u>GRANTS</u>** the motion with the following conditions:

1. Plaintiff immediately may serve the ISP with a Rule 45 subpoena to obtain only the name and address of the subscriber(s) to whom the provider assigned the IP address 75.228.198.181 on the relevant dates and times. Plaintiff shall attach to any such subpoena a copy of the complaint, and of this order. Plaintiff shall file proof of service within 14 days of this order.

2. After having been served with the subpoena, the ISP shall, within thirty days of such service, provide to any and all subscriber(s) associated with the IP address 75.228.198.181, **<u>via in-hand service</u>** (or, if in-hand service is unsuccessful, via certified mail), notice of the following (“ISP Notice”):

    a. A copy of the complaint, this order, and the subpoena; and

    b. Notice informing the subscriber(s) that they have thirty (30) days, from the date of the notice, to file a motion to quash the subpoena or seek other appropriate relief in this court.

3. Any subscriber served with the ISP Notice shall have thirty (30) days from the date of service of the ISP Notice to file any motions with this court to contest the subpoena, as well as a motion to litigate anonymously.

4. **<u>The ISP *shall not* disclose any identifying information to Plaintiff before expiration of the sixty-day period after receiving the subpoena from Plaintiff.</u>** If no subscribers contest the subpoena within sixty days after the date of service of the Rule 45 subpoena on the ISP, the ISP shall have ten days to disclose the information responsive to the subpoena to Plaintiff. If a subscriber(s) or the ISP files a motion to quash or modify the subpoena, or a request to litigate anonymously, the ISP may not turn over any information to Plaintiff until the issues have been adjudicated. The ISP shall preserve any subpoenaed information throughout the pendency of this action.

5. If obtained from the ISP, Plaintiff only may use the subscriber's name and address for the purposes of this litigation. Plaintiff is ordered not to disclose the subscriber's name or address, or any other identifying information other than the ISP number. Plaintiff shall not publicly file any of the subscriber's identifying information and shall file all documents containing the subscriber's identifying information under seal until passage of time for the subscriber to seek an order permitting him to proceed under a pseudonym.

This order shall supersede the current scheduling order. The deadlines stated herein are the only pretrial deadlines in this action until further notice of the court.

**IT IS SO ORDERED** in Hartford, Connecticut, this 5th day of October, 2026.

*/s/*
OMAR A. WILLIAMS
United States District Judge